UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NATIONAL CONSUMER LAW CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-12253-MLW |
| ANDREW SAUL, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Andrew Saul, Commissioner of the Social Security Administration ("Defendant"), by and through his attorney, Nathaniel Mendell, Acting United States Attorney for the District of Massachusetts, submits the following Answer to the Complaint by Plaintiff National Consumer Law Center ("Plaintiff").  Doc # 1.

## ANSWER

By way of general response, all allegations made or intended to be made against Defendant are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith.  Defendant reserves its rights to amend this Answer if appropriate following discovery or investigation in this matter.  The foregoing is incorporated into each paragraph of this Answer.

Defendant responds as follows to the individual paragraphs set forth in the Complaint:

1.      The allegations contained in Paragraph 1 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. [1]

---

[1] The capitalized term "Paragraph" as used herein refers to the numbered paragraphs set

## Jurisdiction and Venue[2]

2.      The allegations contained in Paragraph 2 consist of Plaintiff's conclusions of law regarding subject matter jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this action purports to be brought pursuant to the FOIA, 5 U.S.C. § 552, *et seq*, and that this Court has subject matter jurisdiction over this action.

3.      The allegations contained in Paragraph 3 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent a response is required, Defendant admits that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and that venue is proper in this Court.

## Parties

4.      The allegations contained in Paragraph 4 consist of Plaintiff's description of itself and do not set forth a claim or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations.

5.      Defendant admits that it is an agency of the federal government and that it possesses records responsive to a FOIA request that Plaintiff submitted to Defendant.

## Facts

6.      Defendant admits that it uses real property data from LexisNexis as part of certain Social Security benefits-related business processes and otherwise denies Plaintiff's characterizations in this paragraph.

---

forth in the Complaint.

[2] For the convenience of the Court, Defendant replicates herein certain section headings used in the Complaint.  To the extent that any such heading is construed to state, incorporate, or imply any factual allegations, Defendant expressly denies such allegations.

7.      Defendant admits that it uses real property data from LexisNexis in its Supplemental Security Income business processes; the information is used as a lead and not relied on without verification.  Defendant otherwise denies Plaintiff's characterizations in this paragraph.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Defendant admits that it received a FOIA request from Plaintiff dated September 19, 2019.  The allegations in this paragraph are characterizations of that letter which speaks for itself, to which no response is required; Defendant respectfully refers the Court to the copy of the request for the best evidence of its content.

12.     Defendant admits that it received a fee waiver request from Plaintiff as part of Plaintiff's FOIA request dated September 19, 2019.  The allegations in this paragraph are characterizations of that letter which speaks for itself, to which no response is required; Defendant respectfully refers the Court to the copy of the request for the best evidence of its content.

13.     The allegations in this paragraph are characterizations of Plaintiff's request which speaks for itself, to which no response is required; Defendant respectfully refers the Court to the copy of the request for the best evidence of its content.  To the extent a response is required, Defendant admits.

14.     Defendant admits it acknowledged receipt and assigned tracking number SSA-2019-003822 on or about September 27, 2019.

15.     Admits.

16.     Defendant admits it received a fee waiver appeal dated January 13, 2020.

17.     Admits.

18.     Defendant admits that it received a payment authorization form from Plaintiff on March 27, 2020 and that Plaintiff noted in transmittal of the form that payment was under protest and Plaintiff reserved the right to appeal.

19.     Admits.

20.     Defendant admits the quoted language appears in its May 22, 2020 response.

21.     Admits.

22.     Defendant admits the quoted language appears in its July 17, 2020 response.

23.     Admits.

24.     Defendant admits sentence one; defendant denies sentence two.

25.     Admits.

26.     Defendant admits it released an interim response on September 25, 2020. The allegations in this paragraph are characterizations of Defendant's interim response, which speaks for itself, to which no response is required; Defendant respectfully refers the Court to the copy of the letter and attachments for the best evidence of its content.

27.     The allegations in this paragraph are characterizations of Defendant's interim response, which speaks for itself, to which no response is required; Defendant respectfully refers the Court to the copy of the letter for the best evidence of its content.

28.     The allegations in this paragraph are characterizations of Defendant's interim response, which speaks for itself, to which no response is required; Defendant respectfully refers the Court to the copy of the letter for the best evidence of its content.

29.    Denies.  Defendant did not withhold any documents at the time of the interim release; Defendant only withheld limited portions of two pages of the contract.  Defendant respectfully refers the Court to the copy of the letter for the best evidence of its content.

30.    The allegations in this paragraph are characterizations of Defendant's interim response, which speaks for itself, to which no response is required; Defendant respectfully refers the Court to the copy of the letter for the best evidence of its content.  To the extent a response is required, Defendant admits to directing Plaintiff to publicly available policies that pertained to his request.

31.    Denies.  Plaintiff requested policies "which relate to or mention the SSA's use of LexisNexis data."  The cited policies are responsive in that they relate to or mention such data use, including all seven policies that Plaintiff alleges are unresponsive.

32.    Defendant admits that SI 02220.005 is not directly related to SSA's use of LexisNexis data but otherwise denies; the other two cited policies are responsive in that they relate to or mention such data use.

33.    Denies.

34.    Defendant admits that there are non-public POMS responsive to Plaintiff's request that Defendant intended to include these in its final release, which has not been issued, and otherwise denies.

35.    Defendant admits the sentence quoted appears in its interim response letter.

36.    This paragraph consists of legal argument and, therefore, does not require a response.  To the extent a response is required, the allegations are denied.

37.    Defendant admits that it produced five pages of non-public records at the time Plaintiff's complaint was filed.

38.    Defendant admits it has not yet produced all responsive documents.  This paragraph otherwise consists of legal argument and, therefore, does not require a response.  To the extent a response is required, the allegations are denied.

39.    This paragraph consists of legal arguments and conclusions of law and, therefore, does not require a response.  To the extent a response is required, the allegations are denied.

40.    Defendants admits it has not provided a timeline for the release of its final decision and otherwise denies.

41.    Defendant admits it has not yet issued its final decision on Plaintiff's request and has not yet produced all responsive documents.

## First Cause of Action

42.    Defendant incorporates by reference its responses to all preceding paragraphs.

43.    Denied.

44.    Denied.

## Second Cause of Action

45.    Defendant incorporates by reference its responses to all preceding paragraphs.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

## Third Cause of Action

50.    Defendant incorporates by reference its responses to all preceding paragraphs.

51.    Denied.

52.    Denied.

53.    Defendant admits the statements made in Paragraph 53 were similarly asserted in Plaintiff's waiver appeal.  Defendant is without knowledge or information sufficient to form a belief about the truth of factual statements in this paragraph.  Defendant denies the statements in this paragraph entitle Plaintiff to the relief sought.

54.    Denied.

55.    Defendant is without knowledge or information sufficient to form a belief about the truth of factual statements in this paragraph.  Defendant did not deny Plaintiff's fee waiver on the basis of commercial interest and denies the statements in this paragraph entitle Plaintiff to the relief sought.

56.    Denied.  Defendant did not process Plaintiff's fee waiver under FOIA but instead 20 C.F.R. § 402.185.  For the purpose of this regulation, definition of "representative of the news media" is found at 20 C.F.R. § 402.30.  Defendant denies the statements in this paragraph entitle Plaintiff to the relief sought.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent that a response is necessary, Defendant incorporates by reference its responses to all preceding paragraphs, denies the allegations in the Prayer for Relief, and denies that Plaintiff is entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

By way of further response, Defendant sets forth the following separate affirmative defenses without assuming the burden of proof that would otherwise rest with Plaintiffs. Defendant expressly reserves the right to rely upon other affirmative defenses that may become available during discovery in this case.

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### *SECOND AFFIRMATIVE DEFENSE*

Any information that Defendant has withheld in response to Plaintiff's FOIA request is exempt in whole or in part under the FOIA, 5 U.S.C. § 552 *et seq*.

### *THIRD AFFIRMATIVE DEFENSE*

The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

### *FOURTH AFFIRMATIVE DEFENSE*

Plaintiff is not entitled to attorney's fees or costs in this action.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Court deny the relief requested in the Complaint, and that the Court dismiss the Complaint against it, with prejudice.

Respectfully submitted,

ANDREW SAUL
Commissioner of the
Social Security Administration

By its attorneys,

NATHANIEL MENDELL
United States Attorney

By:  */s/ Jason C. Weida*
Jason C. Weida
Assistant U.S. Attorney
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210

8

                                                    (617) 748-3100
Dated:  March 15, 2012                              jason.weida@usdoj.gov